462        APPELLATE COURTS OF ILLINOIS.

Falls City Tannery v. W. D. Allen Mfg. Co., 205 Ill. App. 462.

## Falls City Tannery, Appellee, v. W. D. Allen Manufacturing Company, Appellant.

### Gen. No. 22,421.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 1, 1917. Rehearing denied May 22, 1917.

### Statement of the Case.

Action by Falls City Tannery, a corporation, plaintiff, against W. D. Allen Manufacturing Company, a corporation, defendant, to recover a balance alleged to be due on a shipment of hides. From a judgment for plaintiff for $2,377.25, defendant appeals.

UNDERWOOD & SMYSER, for appellant; ARTHUR A. BASSE and CHARLES R. YOUNG, of counsel.

WOODBURY & WOODBURY, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 330*—*when instruction is erroneous as assuming proof of case by preponderance of evidence and as directing verdict.* In an action for money due upon a shipment of hides, where it was claimed in defense that the goods had been fraudulently treated so as to increase their weight, and the court charged the jury that the burden of proving fraud was on the defendant, and that unless such charge was proven by the clear preponderance of the evidence the jury should find for the plaintiff, *held* that such instruction was erroneous in assuming that plaintiff had proved his case by a preponderance of the evidence, and in directing a verdict for the plaintiff in the event that the defendant failed to show fraud on the part of the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Falls City Tannery v. W. D. Allen Mfg. Co., 205 Ill. App. 462.

2. SALES, § 325*—*when plaintiff must establish case by preponderance of evidence*. In an action for money due upon a shipment of hides, where it was claimed in defense that the goods had been fraudulently treated so as to increase their weight, and the court charged the jury that the burden of proving fraud was on the defendant, and that unless such charge was proven by a clear preponderance of the evidence the jury should find for the plaintiff, *held* that the plaintiff was required to establish his case by a preponderance of the evidence regardless of whether or not the defendant succeeded in establishing its charge of fraud.

3. INSTRUCTIONS, § 87*—*when instruction on preponderance of evidence is misleading*. In an action for money due upon a shipment of hides, where it was claimed in defense that the goods had been fraudulently treated so as to increase their weight, and the court charged the jury that the burden of proving fraud was on the defendant, and that unless such charge was proven by a clear preponderance of the evidence the jury should find for the plaintiff, *held* that such charge was misleading in requiring the defendant to prove fraud by a *clear* preponderance of evidence, as thus the burden was placed upon the defendant of establishing its defense of fraud by a higher degree of proof than required by the law, a mere preponderance being sufficient.

4. INSTRUCTIONS, § 87*—*when instruction on amount of proof to show fraud by seller of goods is erroneous*. In an action for money due upon a shipment of hides, where it was claimed in defense that the goods had been fraudulently treated so as to increase their weight, and where the court charged the jury that unless they were satisfied from the evidence that the plaintiff dried certain so-called belt butts for the purpose of intentionally deceiving the defendant they should find for the plaintiff, *held* that the instruction was prejudicially erroneous, as it was not necessary for the defendant to submit evidence that would *satisfy* the jury.

5. MUNICIPAL COURT OF CHICAGO, § 29*—*when judicial notice not taken of rules of*. In an action in the Municipal Court to recover upon a shipment of goods, where the defendant complained of the charge to the jury, and where the plaintiff contended that the defendant was precluded from assailing the instruction of the court because no objection was made at the close of the charge before the jury retired, as required by the rules of the Municipal Court, and where such rules were not introduced in evidence, *held* that such point was untenable as the court could not take judicial notice of such rules.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.